# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN ALQUAN SOUELS, JR. | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-5522 |
| | : | |
| BRITTANY GLADYS CLIPPERTON, | : | |
| *Defendant.* | : | |

## MEMORANDUM

**Pappert, J.**                                                                                                 **October 16, 2025**

      *Pro se* plaintiff Sean Alquan Souels, Jr., asserts constitutional and state law claims against Brittany Gladys Clipperton after Clipperton allegedly supplied false information to the police, leading to Souels's arrest and prosecution. Souels seeks to proceed *in forma pauperis* and for the following reasons, the Court grants Souels leave to proceed *in forma pauperis* and dismisses his complaint.

I[1]

      Souels claims that on June 13, 2025, Clipperton—who is allegedly not a state or local official but instead "just a regular individual"—filed a false police report against him. (Compl. at 3-4.) Clipperton allegedly told an Easton police officer that Souels "sucker punched her" and sent her a threatening text message, which Souels states was not true. (*Id*. at 5.) The statement led to Souels' July 23, 2025 arrest pursuant to a

---

[1] The allegations set forth in the Memorandum are taken from Souels's complaint (Dkt. No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

"fugitive warrant."[2]  (*Id.* at 6.)  Based on these allegations, Souels alleges that Clipperton violated his Fourth Amendment rights.  (*Id.*)  He also alleges state law claims for intentional and negligent infliction of emotional distress.  (*Id.*)  He requests money damages, that Clipperton be charged for making a false police report, and a restraining order against Clipperton.[3]  (*Id.* at 7.)

II

The Court grants Souels leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this lawsuit.[4]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies, requiring the Court to dismiss the complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

---

[2] The public docket reveals that Souels was charged with assault and terroristic threats in connection with a June 12, 2025 incident.  *See Commonwealth v. Souels*, CP-48-CR-0001866-2025 (C.P. Northampton).  Souels is currently detained at the Northampton County Department of Corrections.

[3] The Court lacks the authority to order criminal charges against Clipperton.  *See Kent v. Ed Carber Inc.*, 467 F. App'x 112, 113 (3d Cir. 2012) (*per curiam*) (affirming dismissal of claims seeking initiation of criminal charges because "a private person does not have a 'judicially cognizable interest in the prosecution . . . of another'" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution." (citations omitted)).

[4] Because Souels is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in Souels's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021*), abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations and generalized statements do not suffice to state a claim. *See id.* Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). As Souels is proceeding *pro se*, the Court construes the allegations in the complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III

### A

Souels alleges that Clipperton violated his Fourth Amendment rights by providing false statements to an Easton police officer, which led to his arrest and prosecution. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of

3

law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).  Whether a defendant is acting under color of state law—*i.e.*, whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:  (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Souels concedes that Clipperton is a private individual and not a state or local official.  Nevertheless, in support of his § 1983 claims, he states that Clipperton acted under color of state law by "making a false verbal criminal complaint" to an Easton police officer.  (Compl. at 5.)  However, making statements to law enforcement that cause criminal charges against another—even if those statements are false—does not render an otherwise private individual a state actor for purposes of § 1983.  *See, e.g.*, *Johnson v. City of Philadelphia, Dep't of Hum. Servs.*, No. 24-5776, 2025 WL 757480, at *3 (E.D. Pa. Mar. 7, 2025) (dismissing § 1983 claims against private individuals alleged to have conspired to provide false information to a governmental agency because there

was no state action); *Jennings v. Jennings*, No. 24-6872, 2025 WL 345082, at *2 (E.D. Pa. Jan. 30, 2025) (dismissing § 1983 claims against private individuals alleged to have "complained about Plaintiff's conduct to police and/or participated in the criminal prosecution against him as complainants or witnesses" because individuals were not state actors); *Sous v. Timpone*, No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) ("Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a civilian complaint does not transform a private citizen into a State actor."); *Collins v. Christie*, No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983).

Souels does not allege any other facts about Clipperton that would support a plausible inference that she acted under color of state law and any § 1983 claims that Souels asserts against Clipperton are dismissed.

B

Souels also asserts state law claims for the intentional and negligent infliction of emotional distress. Souels has not sufficiently alleged that the Court has subject

matter jurisdiction over these claims.[5]  In the absence of any federal claims, the only independent basis for jurisdiction over state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000.  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that Souels would have to allege that he is a citizen of a state different from Clipperton.  *See Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015).  An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain.  *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  It is the plaintiff's burden to establish diversity of citizenship.  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).

Souels does not allege the citizenship of the parties.  Rather, he provides a Pennsylvania prison address for himself and a Pennsylvania address for Clipperton, suggesting that both he and Clipperton may be Pennsylvania citizens.  Accordingly, Souels has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV

For the foregoing reasons, the Court will grant Souels leave to proceed *in forma pauperis* and dismiss his complaint.  Since Souels's allegations do not support any

---

[5] The Court declines to exercise supplemental jurisdiction, having dismissed Souels's federal claims.

factual basis for a claim under § 1983, his federal claims will be dismissed with prejudice because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Souels's state law claims will be dismissed without prejudice for lack of jurisdiction. Souels may file an amended complaint to the extent he can establish this Court's subject matter jurisdiction over his state law claims. Finally, Souels's Motion to Appoint Counsel will be denied without prejudice as premature.[6] An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

---

[6] Souels's request for the appointment of counsel is premature at this stage of the litigation because his case has not yet passed screening under 28 U.S.C. § 1915. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising discretion to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim"). The Court will therefore deny Souels's request without prejudice. Souels may renew his request after his amended complaint, if he files one, has been screened for merit. If Souels chooses to file a renewed motion for the appointment of counsel, he should do so in accordance with the factors set forth by the United States Court of Appeals for the Third Circuit in *Tabron*.